# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 3:11-00082-8 |
| ) | Judge Trauger |
| JAMES THOMAS COFFEY ) | |
| ) | |

## O R D E R

The defendant has filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (Docket No. 1716), to which the government has filed a Response in opposition (Docket No. 1727), and the defendant has filed a Reply (Docket No. 1751). The court agrees with the analysis performed by the probation office and by the defendant that, in fact, the defendant's sentence was based upon a drug guideline, despite the fact that this was a binding plea agreement for a specific sentence, and he is therefore eligible for the reduction.

The original plea agreement contemplated that the defendant was a career offender and, therefore, made no mention of drug quantity or a guideline range based thereon. (Docket No. 513 at 12). However, the parties later discovered that that conclusion was in error and that the defendant was not a career offender. Therefore, the Amended Plea Agreement recited: "The parties acknowledge that Mr. Coffey's advisory guideline range which is based upon the drug quantity pertaining to Mr. Coffey made be lower than the mandatory minimum 10 year sentence." (Docket No. 877 at 12). The presentence report then, appropriately, determined the base offense level based upon the defendant's being held accountable for 1000 to 3000 kilograms of marijuana equivalent. (Paragraph 14). The resulting guideline range was 108 to 135 months.

(Docket No. 64). Because the government filed a motion for downward departure as a result of the defendant's cooperation, the minimum mandatory 120 months custody did not determine the sentence.

The revised guideline range, based on the total offense level of 27 and a criminal history category III, is 87 to 108 months. The defendant's original sentence of 108 months was a 10% reduction below the bottom of the original guideline based upon his substantial assistance. A 10% reduction for substantial assistance from the bottom of the revised guideline results in a sentence of approximately 78 months. The court will enter the AO 247 Form Order reflecting a sentence reduction to 78 months.

It is so **ORDERED**.

ENTER this 18th day of November 2015.

_____
ALETA A. TRAUGER
U.S. District Judge